UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAUL M. SCHNEIDER,

        Plaintiff,

        v.                              Case No. 25-cv-1733-bbc

STEPHEN MCCULLEN,
JUSTINA M. HAMILTON,
TRAVIS P. BRADY,
KIMBERLY HUNT,
KRISTIN A. VASQUEZ,
ANDREA BILLINGTON,
JORDAN L. JOHNSON,
JASON D. WELLS,
LEAH M. ZENI,
K. BERKLEY,
BRAD HOMPE,
C. O'DONNELL, and
K. HAASE,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Paul Schneider, who is currently serving a state prison sentence at the Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On November 5, 2025, Schneider paid the $405 civil case filing fee. This matter comes before the Court to screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Schneider, in 2022, while incarcerated at Racine Correctional Institution, he was prescribed muscle relaxers to be taken as needed, up to four times a day. The medication was

staff-controlled and dispensed by nurses. Schneider explains that "multiple times, on multiple days," nurses Stephen McCullen, Justina Hamilton, and Kimberly Hunt refused to provide him with his medication. He states that they also refused to order refills, resulting in him missing several doses, which led to severe pain and suffering and mental, emotional, and psychological distress.

Schneider asserts that he attempted to notify Health Services Unit Manager Kristin Vasquez and Assistant Health Services Unit Manager Andrea Billington of his concerns. He states that they both met with him in person and notified him that his use of health services request and complaints were excessive and that further complaints would result in punitive consequences. According to Schneider, he refrained from submitting additional complaints until the denial of his medication became egregious. He asserts that he attempted to follow the grievance process by first informing the health services unit managers of his concerns. Schneider alleges that nurse Travis Brady issued him a conduct report in response to his efforts. He alleges that Vasquez and Billington "turned a blind eye at the failure to provide [his] treatment as prescribed and for the punitive consequences for filing a grievance." According to Schneider, Unit Supervisor Jordan Johnson "approved the punitive consequences and issued a disposition of room confinement despite being a clear violation of [his] right to file a grievance to complain about ongoing deprivations in medical care." Warden Jason Wells affirmed the decision.

Schneider asserts that he further pursued his grievances and "was met with ongoing harassment, threats, and retaliation." He alleges that nurse Hunt called him to the health services unit but refused to see him. He also alleges that nurse McCullen would "continually berate, belittle, and demean [him]" whenever he would get his medication. McCullen also allegedly gave Schneider a "fraudulent written warning." Scheider also alleges that institutional complaint

3

examiner Leah Zeni "would either refuse to investigate, turn a blind eye, or tr[y] to hamper [his] efforts to file inmate complaints." He states that inmate complaints were returned to him or summarily recommended for dismissal. Schneider alleges that reviewing authorities Anthony Berkley, K. Hasse, and Warden Wells dismissed the inmate complaints, and Brad Hompe and Emily Davidson denied the appeals.

## ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc*., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). With this standard in mind, the Court will allow Schneider to proceed on a claim that nurses McCullen, Hamilton, and Hunt refused to provide him with his prescribed medication "multiple times, on multiple days" and refused to order refills, resulting in extreme pain and suffering.

The Court also will allow Schneider to proceed on a First Amendment retaliation claim against nurse Brady based on allegations that he issued Schneider a conduct report because he raised concerns about his health care. *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (to plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the

4

defendants' decision to take the retaliatory action"). According to the conduct report, Brady issued it not because Schneider complained, but because of *how* Schnieder complained. *See* Dkt. No. 1-1 at 17 ("Mr. Schneider has a history of sending disrespectful, disruptive and threatening letters and Health Services Requests to the HSU."); *see also Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (explaining that a prisoner must exercise his rights "in a *manner* consistent with his status as a prisoner"). Schneider disputes Brady's characterization of his communications, so, at this early stage, he may proceed with this claim. Schneider may also proceed on a claim that health services manager Vazquez and assistant manager Billington turned a blind eye to the misconduct of their subordinates.

However, Schneider's allegations that nurse Hunt called him to health services but refused to see him on one occasion and that nurse McCullen continually demeaned him are too vague to state a claim. Nothing suggests that Schneider was harmed (as opposed to inconvenienced) by a single missed nursing call. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) ("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages."). And most verbal harassment, while unprofessional, does not violate the Constitution. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

Schneider also does not state a claim against Johnson, who found Schneider guilty of the conduct report and disciplined him with room confinement or against Warden Wells who affirmed the decision. Johnson and Warden Wells apparently agreed with Brady rather than Schneider, which is a proper exercise of their authority. Moreover, Schneider who received notice of the charges in the conduct report and was able to present his version of what happened in a written statement and/or at a disciplinary hearing, received all the process he was due. "Inmates facing

5

only disciplinary action like segregation, rather than disciplinary action affecting the length of their carceral sentence, like a reduction in good-time credit," are entitled to only "informal due process." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). "[I]nformal due process requires only that an inmate is provided (1) notice of the reasons for the inmate's placement in segregation and (2) an opportunity to present his views, for instance, in a written statement or at a hearing." *Id*. at 966.

Finally, Schneider fails to state a claim against institutional complaint examiner Zeni and reviewing authorities Berkley, Hasse, and Wells based on vague allegations that his inmate complaints were not adequately investigated or were rejected or dismissed. He also fails to state a claim against Hompe and Davidson for denying his appeals. Schneider includes no factual allegations supporting his conclusions that these individuals improperly handled his inmate complaints. *See Twombly*, 550 U.S. at 556 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). And, in any event, ruling against a prisoner on an administrative complaint does not violate the Constitution. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

**IT IS THEREFORE ORDERED** that Schneider fails to state a claim against Jordan Johnson, Jason Wells, Leah Zeni, K. Berkley, Brad Hompe, C. O'Donnell, and K. Hasse, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Schneider's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Stephen McCullen, Justina Hamilton, Travis Brady, Kimberly Hunt, Kristin Vasquez, and Andrea Billington.

6

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Stephen McCullen, Justina Hamilton, Travis Brady, Kimberly Hunt, Kristin Vasquez, and Andrea Billington shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Schneider is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on December 1, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge