UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL M. SCHNEIDER,

Plaintiff,

v.                                                    Case No. 25-CV-1733

STEPHEN MCCULLEN et al.,

Defendants.

**ORDER**

Plaintiff Paul M. Schneider, who is currently incarcerated at Kettle Moraine Correctional Institution, is representing himself in this 42 U.S.C. § 1983 case. On December 1, 2025, the Court screened the complaint and allowed Plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Defendants McCullen, Hamilton, and Hunt based on allegations that these defendants refused to provide him with his prescribed medication and refused to order refills as well as a First Amendment retaliation claim against Nurse Brady based on allegations that Nurse Brady issued Plaintiff a conduct report for raising concerns about his health care. Dkt. No. 4. The discovery deadline is July 16, 2026, and the dispositive motion deadline is August 17, 2026. Dkt. No. 8. On April 22, 2026, Plaintiff filed a motion for reconsideration of the Court's screening order and a motion for an extension of time. Dkt. Nos. 9–10.

Plaintiff's motion for reconsideration comes under Rule 54(b) of the Federal Rules of Civil Procedure. In the context of multi-claim and multi-party litigation, the rule provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem. Hosp. v. Mercury*

*Constr. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Plaintiff argues that the Court committed manifest error by dismissing Jordan Johnson and Warden Jason Wells as defendants. A manifest error is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). In the December 1, 2025, screening order, the Court concluded that Plaintiff did not state a claim against Johnson, who found Plaintiff guilty of the conduct report Nurse Brady issued and disciplined him with room confinement, or against Warden Wells, who affirmed the decision. The Court reasoned that Johnson and Warden Wells apparently agreed with Nurse Brady, rather than Plaintiff, which is a proper exercise of their authority. Dkt. No. 4 at 5.

Plaintiff asserts that Johnson and Warden Wells should be reinstated as defendants because they turned a blind eye to their subordinates' conduct. He argues that, if he is allowed to proceed on a retaliation claim against Nurse Brady, he should also be able to proceed on a claim against Johnson and Warden Wells. Yet, Johnson and Warden Wells are not personally responsible for the violation; they merely ruled in favor of the staff member on a completed act of harm. As the Court explained in its December 1, 2025, screening order, Plaintiff, who received notice of the charges in the conduct report and was able to present his version of what happened in a written statement and/or at a disciplinary hearing, received all the process he was due. *See Ealy v. Watson*, 109 F.4th 958, 964, 966 (7th Cir. 2024). Although Plaintiff disagrees with the Court's analysis and conclusion, the Court has reviewed its December 1, 2025, screening order and Plaintiff's motion and concludes that there is no basis to alter the decision. Accordingly, Plaintiff's motion for reconsideration is denied.

Plaintiff has also filed a motion for an extension of time. Plaintiff states that because the Court extended the time to respond to discovery requests from thirty days to sixty days, his ability

to litigate this case has been "greatly hindered." Dkt. No. 9. He asserts that, once responses are provided for his initial requests, he will have little time to review the supplied documents and to submit follow-up requests. Plaintiff states that he suffers from constant pain caused by nerve damage, degenerative disc disease, muscle spasms, and fibromyalgia and has major depressive disorder, ADHD, PTSD, brain fog, and memory problems. He contends that, as a result of these conditions, he is only able to work at his desk one day a week. Plaintiff asks that the Court extend case deadlines by three to six months.

Plaintiff's motion for an extension of case deadlines will be denied as premature. Plaintiff has just under three months to conduct discovery in this case. Due to mail and communication delays, it is beneficial to both parties to have sixty days to respond to discovery requests. Although Plaintiff asserts that he will not be able to submit follow-up discovery requests after he receives Defendants' initial responses under the current case schedule, Plaintiff may not need to serve supplemental discovery requests in this case. In the event Plaintiff believes that supplemental discovery requests are warranted and he is unable to serve them by a date sufficiently early so that all discovery is completed by July 16, 2026, he can renew his motion for an extension of time.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (Dkt. No. 9) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin on April 23, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

3