UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAUL M. SCHNEIDER,

Plaintiff,

v. Case No. 25-CV-1733

STEPHEN MCCULLEN et al.,

Defendants.

---

**ORDER**

---

Plaintiff Paul M. Schneider is currently incarcerated at Kettle Moraine Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on the following claims: (1) an Eighth Amendment deliberate indifference claim against Nurse Stephen McCullen, LPN Justina Hamilton, and Nurse Kimberly Sweeney based on allegations that they refused to provide Plaintiff with his prescribed medication and refused to order refills, resulting in extreme pain and suffering; (2) a First Amendment retaliation claim against Nurse Travis P. Brady and Nurse McCullen based on allegations that Nurse Brady issued him a conduct report and Nurse McCullen issued a fabricated warning of disruptive conduct because Plaintiff raised concerns about his health care; and (3) a claim that HSU Manager Kristin A. Vasquez and Assistant HSU Manager Andrea Billington turned a blind eye to the misconduct of their subordinates. (ECF No. 29.) The discovery deadline is October 19, 2026, and the dispositive motion deadline is November 18, 2026.

On August 21, 2026, the Court held a telephone hearing on Plaintiff's motion to compel, motion for an order finding waiver of objections, and motion for expenses. (ECF No. 26.) This

matter comes before the Court on Plaintiff's motion to clarify, motion for reconsideration, and motion for an extension of time. (ECF Nos. 31–32.)

**A. Motion to Clarify**

In Plaintiff's motion to clarify, Plaintiff requests that the Court issue a written decision on his motions for an order finding waiver of objections, for expenses, and to compel. During the August 21, 2026, hearing, the Court issued oral rulings on Plaintiff's motions. Therefore, a written decision is not necessary.

Plaintiff also requests that the Court provide Plaintiff with a copy of the transcript for the August 21, 2026, hearing. The Court will deny the request because a transcript of the August 21, 2026, hearing does not exist. Telephone hearings are recorded digitally, rather than by court reporter. Plaintiff must contact the clerk's office to order and pay for the transcript or CD of a digitally recorded hearing.

Finally, Plaintiff requests clarification on whether Defendants are required to respond to his June 2026 discovery requests. The Court explained that, at the time Plaintiff submitted his June 2026 discovery requests, the deadline to complete discovery was July 16, 2026. As a result, Plaintiff was required to serve his discovery requests on Defendants by May 16, 2026, to receive a response by July 16, 2026. Defendants indicated that they would not respond to Plaintiff's untimely June discovery requests unless the Court extended the discovery deadline. During the August 21, 2026, hearing, the Court extended the discovery deadline to October 19, 2026. Therefore, Defendants should respond to Plaintiff's June 2026 discovery requests, if they have not already done so.

**B. Motion for Reconsideration**

Plaintiff has filed a motion for reconsideration of the Court's decision on his motions to compel, for an order finding waiver of objections, and for expenses. Plaintiff's motion for reconsideration comes under Rule 54(b) of the Federal Rules of Civil Procedure. In the context of multi-claim or multi-party litigation, the rule provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Plaintiff requests that the Court reconsider its decision finding that sanctions are not warranted and denying Plaintiff's motion for waiver of objections and motion for expenses. Plaintiff's motion for reconsideration will be denied. Essentially, Plaintiff disagrees with the Court's analysis and conclusions. During the hearing, the Court explained that Defendants' delay in producing complete responses to Plaintiff's discovery requests was not the result of bad faith. The Court has listened to a recording of the August 21, 2026, hearing and reviewed Plaintiff's motion and concludes that there is no basis to alter its decision denying Plaintiff's motion for waiver of objections and motion for expenses.

Plaintiff also requests that the Court reconsider its ruling on the motion to compel with respect to Plaintiff's Request No. 18, which sought Defendants' employment records regarding reprimands and discipline. As the Court explained during the August 21, 2026, hearing, these records are confidential for security reasons and do not need to be produced. Plaintiff requests that the Court conduct an *in camera review* of this information before reaching a final decision,

but Plaintiff has not established how the Defendants' employment records are relevant to the issues in this case.

Plaintiff asserts that the Court never addressed Plaintiff's Request No. 8. Yet, the Court did address Request No. 8 and found that Defendants produced the policies requested in Request No. 8.

Plaintiff has not demonstrated that the Court erred in reaching its decision or that he is entitled to relief. Therefore, Plaintiff's motion for reconsideration is denied.

**C. Motion for an Extension of Time**

In his motion for an extension of time, Plaintiff requests a three to six month extension of the discovery and dispositive motion deadlines. He asserts that he has not received supplemental responses from Defendants since the August 21, 2026, hearing and has not received responses to the additional interrogatories or requests he has submitted, even though the deadline for Defendants to respond to Plaintiff's discovery requests had not passed at the time he filed his motion. Plaintiff also asserts that he plans to request additional documents from Defendants but has not been able to do so due to the fact that his physical and mental health limits his productivity and he has spent time drafting motions for clarification and reconsideration.

Plaintiff fails to provide good cause for further delaying resolution of this case. The facts giving rise to Plaintiff's claims are straightforward and uncomplicated. Extensive discovery is not needed, and Plaintiff offers no explanation as to why he has been unable to obtain the information he seeks during the more than seven months that discovery has been open. In addition, Plaintiff does not explain what specific, additional discovery he seeks or why he was unable to get it until now. The parties have had ample time to participate in discovery. Plaintiff presents no basis for

extending the discovery and dispositive motion deadlines. It is time to move this case toward resolution. Accordingly, Plaintiff's motion for an extension of time is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for clarification (ECF No. 31) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendants should respond to Plaintiff's June 2026 discovery requests, if they have not already done so. Plaintiff's motion is denied in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (ECF No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (ECF No. 32) is **DENIED**.

Dated at Green Bay, Wisconsin on October 6, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge