UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL M. SCHNEIDER,

Plaintiff,

v.

Case No. 25-CV-1733

STEPHEN MCCULLEN et al.,

Defendants.

**ORDER**

Plaintiff Paul M. Schneider is currently incarcerated at Kettle Moraine Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. On September 15, 2026, the Court granted Plaintiff's motion to amend his complaint and allowed him to proceed on the following claims: (1) an Eighth Amendment deliberate indifference claim against Nurse McCullen, LPN Hamilton, and Nurse Sweeney based on allegations that they refused to provide Plaintiff with his prescribed medication and refused to order refills, resulting in extreme pain and suffering; (2) a First Amendment retaliation claim against Nurse Brady and Nurse McCullen based on allegations that Nurse Brady issued him a conduct report and Nurse McCullen issued a fabricated warning of disruptive conduct because Plaintiff raised concerns about his health care; and (3) a claim that HSU Manager Vazquez and Assistant HSU Manager Billington turned a blind eye to the misconduct of their subordinates. (ECF No. 29.) This matter comes before the Court on Plaintiff's motion for reconsideration.

As an initial matter, the Court could strike Plaintiff's motion as procedurally improper because it exceeds the page limit permitted by the district's local rules. Civil Local Rule 7(f) states that "the principal memorandum in support of, or in opposition to, any motion must not exceed 30

pages." Plaintiff's motion for reconsideration is 34 typed pages, exclusive of the prayer for relief, signature, and caption. "While *pro se* litigants are entitled to some leeway, they must comply with this Court's local rules if they wish to invoke its authority." *Stevenson v. Gen. Mills Inc.*, No. 21-cv-1052, 2022 WL 17485904, at *1 (E.D. Wis. Dec. 7, 2022); *see also Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules."). While the Court will not strike Plaintiff's motion, Plaintiff is warned that any future failure to comply with the local rules may result in Plaintiff's filings being stricken from the record. The Court will now turn to the merits of Plaintiff's motion.

Plaintiff's motion for reconsideration comes under Rule 54(b) of the Federal Rules of Civil Procedure. In the context of multi-claim or multi-party litigation, the rule provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Plaintiff requests that the Court reconsider its September 15, 2026, order granting Plaintiff's motion to amend. He asserts that he should be permitted to proceed on additional claims. Essentially, Plaintiff disagrees with the Court's analysis and conclusion. The Court has reviewed its September 15, 2026, order, Plaintiff's motion, and the amended complaint and concludes that there is no basis to alter the decision. Accordingly, Plaintiff's motion for reconsideration (ECF No. 39) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin on November 23, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge